IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:10-cr-126-SI-01 |
| v. | ORDER |
| ALEXEY PEREZ-HERNANDEZ, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On September 14, 2011, Defendant Alexey Perez-Hernandez pleaded guilty to four

counts of armed bank robbery. On December 15, 2011, the Court (the Hon. Robert E. Jones,

presiding) sentenced Mr. Perez-Hernandez to a total term of imprisonment of 314 months,

followed by five years of supervised release. Mr. Perez-Hernandez (BOP No. 73259-065)

currently is serving his sentence at the Federal Correctional Institution in Sheridan, Oregon (FCI

Sheridan). The Bureau of Prisons has scheduled Mr. Perez-Hernandez for release on July 2,

2032.

On August 31, 2022, Mr. Perez-Hernandez filed with the Court his first motion for

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF 84. On January 3, 2023,

the Court denied Mr. Perez-Hernandez's motion. ECF 93. On August 10, 2023, Mr. Perez-

PAGE 1 – ORDER

Hernandez filed his second motion for compassionate release, essentially making the same

arguments that he made before. ECF 99. In his motion, Mr. Perez-Hernandez, who is 47 years

old, states that his extraordinary and compelling circumstances include the length of his sentence

already served, extraordinary rehabilitation, and the additionally punitive nature of serving time

during the COVID-19 pandemic. *Id.* at 1.

The Government opposes Mr. Perez-Hernandez's second motion on the merits ECF 100.

As explained by the Government:

> Defendant committed approximately 18 armed robberies of banks
> and check-cashing stores in Washington and Oregon. PSR ¶ 12.
> While his co-defendant Travis Oles served as the getaway driver,
> defendant entered each business, pointed a handgun at tellers,
> shouted demands, and left with the cash. *Id.* ¶¶ 12–16. The pair
> netted almost $100,000 from the robberies. *Id.* ¶ 12. Defendant
> pled guilty to four counts of armed bank robbery and was
> sentenced to 336 months' imprisonment—314 months plus credit
> for time served—in a deal that globally resolved multiple federal
> and state cases concurrently. ECF No. 47.

ECF 100 at 2.

A federal district court generally "may not modify a term of imprisonment once it has

been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25

(2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as

"compassionate release," to reduce a defendant's sentence when there are "extraordinary and

compelling reasons." Under the original statute, only the Director of the BOP, acting on a

defendant's behalf, could file a motion for sentence reduction under § 3582(c)(1)(A). *See United*

*States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

In the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress

amended § 3582(c)(1)(A) to allow a defendant, after first requesting the BOP to move for a

sentence reduction on the defendant's behalf, directly to ask the district court for a reduction in

sentence. In relevant part, that statute reads:

> [T]he court, . . . upon motion of the defendant after the defendant
> has fully exhausted all administrative rights to appeal a failure of
> the Bureau of Prisons to bring a motion on the defendant's behalf
> or the lapse of 30 days from the receipt of such a request by the
> warden of the defendant's facility, whichever is earlier, may
> reduce the term of imprisonment . . . *after considering the factors
> set forth in section 3553(a)* to the extent that they are applicable, if
> it finds that . . . [e]xtraordinary and compelling reasons warrant
> such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

Mr. Perez-Hernandez' early release would undermine the sentencing factors listed in 18

U.S.C. § 3553(a). The nature of his underlying offense is significant. The sentence ordered by

the Court was necessary to reflect the seriousness of this offense, promote respect for the law,

provide just punishment for the offense, afford adequate deterrence to future criminal conduct,

and protect the public.

Because compassionate release is not warranted in this case, the Court DENIES

Mr. Perez-Hernandez' second motion for early release. ECF 99.

**IT IS SO ORDERED.**

DATED this 3rd day of January, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER